IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SABBAHI, WESAM MOHAMED,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:16-cv-1187 |
| § | |
| **TEXAS FARMERS INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and files this Notice of Removal, removing the instant lawsuit from the docket of the 133rd Judicial District Court for Harris County, Texas, to the docket of this Court. An index of documents being filed contemporaneously with this Notice is attached at Exhibit A. In support of the instant Notice of Removal, Texas Farmers respectfully represents as follows:

---

[1] 42 U.S.C. § 4001 *et seq*.
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

-1-

I.

On or about March 9, 2015, Plaintiff, filed a lawsuit styled "*Wesam, Mohamed Sabbahi v. Texas Farmers Insurance Company*," bearing Cause No. 2016-15221 in the 133rd Judicial District Court for Harris County, Texas. A copy of the Plaintiff's Original Petition filed in State Court is attached hereto as Exhibit B, which is a true and correct copy of all pleadings and documents served upon Defendant in accordance with 28 U.S.C. §1446(a).

II.

For the reasons that follow, Texas Farmers hereby removes this case from state court to this federal court pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. IX; and 28 U.S.C. §§ 1331 and 1337.

A.   **REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION**

1. Plaintiff alleges that Texas Farmers issued a policy of insurance bearing number 87048418672014. Said policy is a Standard Flood Insurance Policy issued through the National Flood Insurance Program pursuant to the NFIA. (*See* Ex. C) (Policy Declarations Page).

2. Plaintiff further alleged that the covered property sustained a loss on or around May 26, 2015. Plaintiff also alleges that a claim for payment on the flood policy was made to Texas Farmers.

3. Plaintiff asserts several causes of action, including a breach of contract claim. Plaintiff also asserts causes of action for violations of the Texas Insurance Code and breach of common law duty of good faith and fair dealing on how Plaintiff's flood loss claim was handled.

4. Plaintiff alleges that he has met all conditions precedent of the contract with Texas Farmers and seeks damages under the policy of insurance as well as extra-contractual claims.

5. Finally, in the Prayer for relief, Plaintiff seeks attorney's fees, statutory penalties, court costs, pre-judgment and post-judgment interest, and such other relief, whether at law or in equity, to which Plaintiff may be entitled.

**B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

6. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

7. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under § 4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"), itself, which is found at 44 C.F.R. Pt. 61, App. A.

8. Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like Texas Farmers to aid it in its statutory duty to administer the National Flood Insurance Program. *See also* 42 U.S.C. §4081(a) (permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

9. Texas Farmers, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A. These forms of the flood policy are incorporated into the Code of Federal Regulations at 44 C.F.R. § 61.13(a).

10. Texas Farmers cannot waive or alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2014 edition).

11. Texas Farmers' role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Texas Farmers, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. 44 C.F.R. § 62.23(f) ; 42 U.S.C. §4071(a)(1), respectively.

12. Since 1983, the Write-Your-Own Program companies have issued Standard Flood Insurance Policies in their names[6] collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies.[7] Premiums collected from policy holders by the Write-Your-Own Program companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the United States Treasury.[8] "Premiums are federal funds from the moment they are collected," with interest earned thereon belonging to the United States (Write Your Own companies must remit to the Treasury "all funds, including interest, not required to meet current expenditures).[9] In the

---

[6] *See* 44 C.F.R. §§ 61.13(f), 62.23(a).

[7] 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E).

[8] 42 U.S.C. § 4017(d).

[9] 44 C.F.R. Pt. 62, App. A, Art VII(B).

absence of sufficient funds in the segregated accounts, Write-Your-Own Program companies pay claims and make refunds by drawing on FEMA letters of credit from the U.S. Treasury.[10]

13. Effective October 1, 2004, there was a revised AArrangement@ between FEMA and all WYO Program carriers, including Texas Farmers. In that revised Arrangement, FEMA further clarified its regulations to make clear that, disputes arising from claims and claims handling, the policy sales and administration, *e.g.*, rating and issuance, are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

14. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

15. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own carriers participating in the National Flood Insurance Program are all governed by federal law, not state law:

---

[10] *See* 44 C.F.R. Pt. 62, App. A. Art. IV; *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d, 393-94 (9th Cir. 2000).

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th, Cir. 1978).

16. Based upon the forgoing, it is clear that the NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.

C. **FEDERAL JURISDICTION**

**(1) 42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

17. 42 U.S.C. § 4072, conveys "original exclusive" jurisdiction over claims involving administration of the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

18. There is no concurrent jurisdiction with state court. *Siebels Bruce Inc. v. Deville Condo. Ass'n*, 786 So.2d 616, 620 (Fla. Dist. App 1st Cir. 2001); *McCormick v. Travelers Ins. Co.*, 103 Cal. Rptr. 2d (Cal. App. 1st Cir. 2001).

19. Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Texas Farmers is not suggesting that jurisdiction can be created by contract, but, instead, it is pointing out that Plaintiff, who is himself attorney, was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the

knowledge of this requirement. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

    **(2)**     **28 U.S.C. §1331 – Federal Question Jurisdiction**

20. As a separate and independent basis for removal apart from 42 U.S.C. § 4072, Texas Farmers asserts that this case should be removed to federal court pursuant to Federal Question Jurisdiction. Article I of the Agreement provides that the WYO Program carrier has the right to review the information provided by the insured at any time and revise the SFIP based on its review. 44 C.F.R. Pt. 61, App. A(1), Art. I.

21. Plaintiff's Original Petition puts at issue the denial by Texas Farmers of his claim under the SFIP under his breach of contract claim. (*See* Ex. B, pp. 1-5) (Original Petition).

22. The SFIP that was issued to the Plaintiff is itself a codified federal law found at 44 C.F.R. Pt.61, App. A(1). In order for the Court to determine if any funds are owed to the Plaintiff, whether something is covered under the SFIP, necessarily presents a federal question.

23. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C.§ 1441(a), (b), and (c), Texas Farmers asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C.§ 1331.

    **(3)**     **Federal Jurisdiction Under 28 U.S.C. § 1337**

24. Removal of this case is also proper under 28 U.S.C.§ 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like § 1442, § 1337 is not subject to the well-pleaded-complaint rule. Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of

whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D. Tex. 1955); *Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

25. Clearly, under the National Flood Insurance Act, 42 U.S.C.§ 4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in:

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, §8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C.§ 1011, *et seq.*, grants states this power except where Congress enacts legislation that 'specifically relates to the business of insurance.' 15 U.S.C.§ 1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that '[t]he word 'relates' is highly general.' *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004) (alterations from original).

26. Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See*, *e.g*., 42 U.S.C. §§ 4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's Original Petition, and so removal of that Petition is proper pursuant to 28 U.S.C. § 1337.

### E. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

27. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C.§ 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.§ 1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2620 (2005).

28. All of the claims put at issue in the Plaintiff's Original Petition arise from the claims made under Plaintiff's SFIP and the denial of his claim. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying SFIP, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See*, *e.g*., *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

### F. ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

29. This removal, which was filed on April 29, 2016, is timely filed as service upon Texas Farmers was made on March 30, 2016. This Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is, therefore, timely. The thirty day period to remove does not commence running until the Defendant is <u>actually</u> served, hence this removal is timely. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders in the state court record to date. A Notice of Removal is being contemporaneously filed with this Removal into the record of the 133rd Judicial District Court for Harris County, Texas, from which this matter is being removed.

30. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b); 42 U.S.C. § 4072; and Article VII(R) of the SFIP itself which states that "you must file suit in the United States District Court of the district in which the insured property was located at the time of loss." See 44 C.F.R. Pt.61, App. A(1), Article VII(R). The insured property at issue is located in Harris County, Texas, making the Southern District of Texas the correct venue in this matter.

## CONCLUSION

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that, after all due proceedings are had, this matter will be dismissed with prejudice and at the Plaintiff's cost.

Dated: April 29, 2016                                Respectfully submitted,

                                            **BAKER & HOSTETLER, LLP**

By: */s/ Bradley K. Jones*
    Douglas D. D'Arche
    State Bar No. 00793582
    Federal ID No. 19437
    Bradley K. Jones
    State Bar No. 24060041
    Federal ID No. 931122
    811 Main St., Suite 1100
    Houston, Texas 77002
    Telephone: (713) 751-1600
    Facsimile: (713) 751-1717
    E-mail: ddarche@bakerlaw.com
    bkjones@bakerlaw.com

AND

**NIELSEN, CARTER & TREAS, L.L.C.**
William Treas
LA. S.B. 26537
Joseph J. Aguda, Jr.
LA. S.B. 27762
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
Tel.: 504-837-2500
Fax: 504-832-9165
Email: jaguda@nct-law.com

**COUNSEL FOR DEFENDANT,
TEXAS FARMERS INSURANCE
COMPANY**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of April, 2016 a true and correct copy of the foregoing document has been served on all counsel of record via certified mail, return receipt requested.

  The Ghuneim Law Firm
  William Ghuneim
  3115 Preston Rd., Suite f
  Pasadena, Texas 77505
  Telephone: 281.487.8929
  Facsimile: 281.487.0022
  Counsel for Plaintiff

            /s/ *Bradley K. Jones*
            Bradley K. Jones