3/9/2016 10:05:08 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9506519
By: Bonnie Lugo
Filed: 3/9/2016 10:05:08 AM

CAUSE NO. _____

| | | |
|---|---|---|
| WESAM MOHAMED SABBAHI | § | IN THE DISTRICT COURT |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY | § | |
| **Defendant** | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Wesam Mohamed Sabbahi (hereinafter referred to as "Plaintiff"), by and through their attorney of record, and files this, its Original Petition complaining of Texas Farmers Insurance Company ("Defendant"), and respectfully shows:

## DISCOVERY CONTROL PLAN

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, this lawsuit is governed by Rule 190.3, Discovery Control Plan Level 2.

## REQUESTS FOR DISCLOSURE

Plaintiff requests that Defendants disclose the information or material described in Rule 194.2(a)-(i).

## JURISDICATION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendant is a Texas resident. Venue in Harris County is proper in this cause under Section 15.002(a)(l) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief between Two Hundred Thousand Dollars ($200,000) and One Million Dollars ($1,000,000).

## THE PARTIES

Plaintiff, Wesam Mohamed Sabbahi is an individual resident of the state of Texas.

Defendant, Texas Farmers Insurance Company is a Texas entity that may be served with process by and through its attorney, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

## FACTS

Plaintiff had obtained insurance coverage, Texas Farmers Insurance Policy #87048418672014 from Defendant. Plaintiff had made all premium payments on a timely basis. On or around May 26, 2015, Plaintiff sustained losses and damage to their covered property address: 110 Bay Oaks Rd, Houston, Texas 77008, as a result of a covered event. Plaintiff timely filed a notice of loss and claim with Defendant. Despite the fact that all conditions precedent to the plaintiff's recovery have been performed or have occurred, the defendant has failed and refused to pay the plaintiff in accordance with its contract obligation.

The Defendant delayed payment of the plaintiff's claim for more than 60 days after it received all required and requested items, statements, and forms. Defendant has not provided the Plaintiff with notice of the defendant's reason for rejecting the plaintiff's claim to benefits under the policy. The plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, the plaintiff is entitled to recover from defendant the additional sum of 18 percent per year of the amount payable under the policy, together with a reasonable sum for the necessary services of the plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## CAUSES OF ACTION

Defendant, Texas Farmers Insurance Company is liable to Plaintiffs for intentional breach of contract, violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

Texas Farmers' failure and refusal, as described above, to pay our Client for his losses under the terms of the policy constitutes a breach of Texas Farmers' insurance contract with our Client. As a result of this breach, our Client has suffered economic and financial damages.

Defendant Texas Farmers' conduct constitutes a breach of the insurance contract made between Texas Farmers and Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Defendant, Texas Farmers Insurance Company engaged in multiple violations of the Texas Insurance Code.

Defendant, Texas Farmers Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes and unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Defendant, Texas Farmers Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Texas Farmers' liability under the Policy was reasonably clear, constitutes and unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Defendant, Texas Farmers Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

Defendant, Texas Farmers Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes and unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

Defendant, Texas Farmers Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Defendant, Texas Farmers Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## DAMAGES & ATTORNEYS' FEES

Plaintiff suffered economic and non-economic damages as a result of the acts, omissions, and failures committed by Defendant. Plaintiff incurred significant property damage to their home in the amount of $77,605.00. Additionally, Plaintiff has incurred significant attorneys' fees in the assertion of their contractual rights. Plaintiff sues for reasonable and necessary attorneys' fees.

## PRAYER

**WHEREFORE**, the Plaintiff requests that the defendant be cited to appear and answer, and that on final trial, the plaintiff awarded judgment against the defendant as follows:

1. General damages in a sum within the jurisdictional limits of the Court;
2. Statutory damages and penalties as called for under the Texas Insurance Code;
3. Prejudgment interest as provided by law;
4. Attorney's fees;
5. Post-judgment interest as provided by law;
6. Costs of suit;
7. and such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

THE GHUNEIM LAW FIRM

Wisam Ghuneim
3115 Preston Rd. Suite F
Pasadena, TX 77505
Tel: (281) 487-8929
Fax: (281) 487-0022
Texas State Bar No. 24035702
**ATTORNEY FOR PLAINTIFF**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2016

Certified Document Number:         69316677 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# CIVIL CASE INFORMATION SHEET (REV 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED **Wesam Mohamed Sabbahi vs. Texas Farmers Insurance Company**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: **WISAM GHUNEIM**
Email: **wg@ghuneimlaw.com**
Address: **3115 Preston Rd, Ste. F**
Telephone: **281.487.8929**
City/State/Zip: **Pasadena, TX 77505**
Fax: **281.487.0022**
Signature: [signed]
State Bar No: **24035702**

### Names of parties in case:

Plaintiff(s)/Petitioner(s): **Wesam Mohamed Sabbahi**

Defendant(s)/Respondent(s): **Texas Farmers Insurance Company**

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

3/9/2016 10:05:08 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 9506519
By: LUGO, BONNIE
Filed: 3/9/2016 10:05:08 AM

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

| Contract | Injury or Damage | Real Property | Family Law - Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| Contract | ☐ Assault/Battery | ☐ Eminent Domain/Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | | ☐ Support Order |
| ☐ Other Foreclosure | | | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Writ of Habeas Corpus—Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Other Contract: | | ☐ Other | ☐ Other: | ☐ Grandparent Access |
| | ☐ Other Injury or Damage: | | | ☐ Parentage/Paternity |
| | | | | ☐ Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2016

Certified Document Number:        69316678 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's Original Petition

FILE DATE OF MOTION: _____
                      Month/   Day/   Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Texas Farmers Insurance Company
   ADDRESS: 15700 Long Vista Drive; Austin, TX 78728-3822
   AGENT, (if applicable): Chris Granger
   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): citation

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
   ☒ MAIL                          ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
      Type of Publication:    ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

*************************************************************************

****

2. NAME: _____
   ADDRESS: _____
   AGENT, (if applicable): _____
   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
   ☐ MAIL                          ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
      Type of Publication:    ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: WISAM GHUNEIM           TEXAS BAR NO./ID NO. 24035702
MAILING ADDRESS: 3115 Preston Rd.; Ste. F, Pasadena, TX 77505
PHONE NUMBER: 281  487-8929      FAX NUMBER: 281  487-0022
              area code  phone number              area code  fax number
EMAIL ADDRESS: wg@ghuneimlaw.com

Page 1 of 2

CIVC108 Revised 0/2/00

*Margin stamp:* 3/9/2016 10:05:08 AM / Chris Daniel - District Clerk / Harris County / Envelope No: 9506519 / By: LUGO, BONNIE / Filed: 3/9/2016 10:05:08 AM

Certified Document Number: 69316679 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2016

Certified Document Number:        69316679 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/25/2016 10:58:57 AM
Chris Daniel - District Clerk Harris County
Envelope No. 10279346
By: JIMMY RODRIGUEZ
Filed: 4/25/2016 10:58:57 AM

## CAUSE NO. 2016-15221

| | | |
|---|---|---|
| **WESAM MOHAMED SABBAHI** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS** | § | **133RD JUDICIAL DISTRICT** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY** | § | **HARRIS COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER

Comes now, Texas Farmers Insurance Company, in the above styled and numbered cause and files this its Original Answer to the Plaintiff's Original Petition and in support thereof would respectfully represent and show unto the Court the following:

**I.**

Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and of this puts itself upon the country.

**II.**

Defendant's plea all provisions, terms conditions and exclusions contained in Plaintiff's policies of insurance with Defendant, including specified provisions set forth in other affirmative defenses.

**III.**

Pleading further, and in the alternative only, Defendant would show that the damages complained of are from concurrent causes, some of which may be covered under the policy of insurance and some of which are not covered under the policy of insurance and it is the duty of Plaintiff to conclusively separate those damages which are covered from those which are not covered.

**IV.**

Pleading further, Defendant would show that extra-contractual damages, and specifically those based on Article 41 of the Texas Civil Practice and Remedies Code, are limited under the Code pursuant to Tex. Civ. Prac. & Rem. Code, § 41.008. Additionally, Plaintiff should be held to the standard as set out under Tex. Civ. Prac. & Rem. Code, § 41.003 that they prove their entitlement to recovery by clear and convincing evidence.

**V.**

Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

**VI.**

Pleading further, Defendant would show that there is no coverage under the policy to the extent the underlying claims are not for "property damage" within the meaning of the policy.

**VII.**

Pleading further, Defendant would state there is no coverage under the policy to the extent the underlying claims do not constitute an "occurrence" within the meaning of the policy.

**VIII.**

Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

**IX.**

Pleading further, Defendant would show Plaintiff's claims are barred or otherwise limited to the extent that Plaintiff failed to mitigate his alleged damages.

Certified Document Number: 69941106 - Page 2 of 5

**X.**

Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

**XI.**

By way of affirmative defense, Plaintiff's claims for pre-judgment interest are eliminated by the dates and amounts set forth by statute, including but not limited to, Texas Financial Code, Chapter 304 and Tex. Civ. Prac. & Rem. Code, Chapter 41.

**XII.**

Plaintiff may not recover up to treble actual damages under the Texas Insurance Code because Defendant did not knowingly, if at all, commit the acts complained of in the Plaintiff's Original Petition.

**XIII.**

Plaintiff may not recover mental anguish damages under the Texas Business and Commerce Code because Plaintiff's suit is not for bodily damages and Defendant did not knowingly, if at all, commit the acts complained of in the Plaintiff's Original Petition.

**XIV.**

Plaintiffs may not recover up to treble economic damages under the Texas Business and Commerce Code because Defendant did not intentionally or knowingly, if at all, commit the acts complained of in the Plaintiff's Original Petition.

**XV.**

Plaintiff may not recover up to treble mental anguish damages under the Texas Business and Commerce Code because Plaintiffs' suit is not for bodily damages and Defendant did not intentionally, if at all, commit the acts complained of in the Plaintiff's Original Petition.

## XVI.

In the event Plaintiff's suit is found to be groundless in fact and/or law, brought in bad faith or brought for the purposes of harassment, Defendant seeks recovery of their reasonable and necessary attorney's fees and court costs.

## XVII.

Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

## XVIII.

Plaintiff's claim for attorney's fees is barred by the principle of excessive demand.

## XIX.

Plaintiff is not entitled to attorney's fees for failure to make a presentment as required under Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Presentment of a claim is required to allow the person against whom it is asserted an opportunity to comply before incurring an obligation for attorney fees.

## XX.

Defendant respectfully requests this matter be placed on the active jury docket.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant but that Defendant go hence without delay and recover its costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

____*/s/ David Bradley*_____
DAVID H. BRADLEY - 00783704
2500 Tanglewilde, Suite 250
Houston, Texas 77063
713/335-0285
FAX 713/335-0286
Bradleyedocsnotifications@wbclawfirm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of April, 2016, a true and correct copy of the above and foregoing was served on all parties in accordance with TRCP 21a.

____*/s/ David Bradley*_____
DAVID H. BRADLEY

**PLAINTIFF'S COUNSEL**
Wisam Ghuneim
THE GHUNEIM LAW FIRM
3115 Preston Rd., Suite F
Pasadena, TX 77505

*Via E-file or Via Facsimile: 281-487-0022*

Certified Document Number: 69941106 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2016

Certified Document Number:        69941106 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**